No. 46,170

PANHANDLE EASTERN PIPE LINE COMPANY, a Corporation, *Appellant*, v. PAULINE HERREN, County Treasurer of Reno County, Kansas; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RENO, STATE OF KANSAS; MARK YOUNGERS, County Clerk of Reno County, Kansas; RONALD F. DWYER, DIRECTOR OF PROPERTY VALUATION OF THE STATE OF KANSAS; STATE BOARD OF TAX APPEALS OF KANSAS AND STATE BOARD OF EQUALIZATION OF KANSAS; and CHARLES B. JOSEPH, RALPH MCCARTY, EUGENE E. LEE and WILLIAM D. ANDERSON, JR., THE MEMBERS OF THE STATE BOARD OF TAX APPEALS OF KANSAS AND THE STATE BOARD OF EQUALIZATION OF KANSAS; and JOHN E. ROYSTON, ATTORNEY AND SECRETARY OF THE STATE BOARD OF TAX APPEALS OF KANSAS AND THE STATE BOARD OF EQUALIZATION OF KANSAS, *Appellees*.

(490 P. 2d 416)

Order denying rehearing filed November 6, 1971. (For original opinion see *Panhandle Eastern Pipe Line Co. v. Herren*, 207 Kan. 400, 485 P. 2d 156.)

The opinion of the court was delivered by

FROMME, J.: The district court of Reno County dismissed plaintiff's action to recover a refund of taxes under the doctrine of *forum non conveniens*. In our original opinion we reversed. Thereafter motions for rehearing were filed in this case and in *Panhandle Eastern Pipe Line Co. v. Dwyer*, 207 Kan. 417, 485 P. 2d 149. In *Dwyer* the motion for rehearing was granted. Because a change in the *Dwyer* opinion on rehearing might necessitate a reexamination of this case (*Herren*), the motion for rehearing in this case was not acted on. The motion has been held in abeyance awaiting final decision in *Dwyer*.

*Dwyer* has been reconsidered along with the other pending tax cases. No major change in our original opinion in *Herren* is dictated.

However, in order to clarify the original opinion and minimize possible future question about that opinion, two matters should be noted.

The appeal to the district court provided by K. S. A. 1970 Supp. 74-2426 *et seq.* is from the order of the board of tax appeals, as distinguished from the order of the director of property valuation department. Therefore we would correct the original opinion in

*Herren* to reflect this determination. The fourth full paragraph on page 404 of the original opinion is deleted and the following paragraph substituted:

"By way of contrast, the proceeding in Johnson county was an appeal from an order of the board of tax appeals as authorized by K. S. A. 1970 Supp. 74-2426. Venue of this appeal is laid in any county in which any portion of the property is located. It is concerned with the reasonableness and lawfulness of the order of the board of tax appeals. The director of property valuation is a necessary party defendant to these proceedings and the clerk of the district court is required by the statute to issue summons to be served on the director. On the other hand the county treasurer and local taxing officials of Reno county were not proper parties and were not joined in the Johnson county proceedings." (207 Kan. at p. 404.)

The second matter which should be noted is this. In *Northern Natural Gas Co. v. Bender*, 208 Kan. 135, 490 P. 2d 399, it was this day determined that when property of a taxpayer is valued or assessed by the director on a statewide basis, the method of review outlined in K. S. A. 1970 Supp. 74-2426 *et seq.* is exclusive and the statewide valuation and assessment may not be challenged collaterally under K. S. A. 79-2005. We adhere to that decision and point out that any statement in our original opinion in *Herren* which may suffer from overbreadth should be limited accordingly.

The motion for rehearing is denied.