(771 P.2d 77)

No. 62,472

In the Matter of the Protest of EMIL LISTON FOUNDATION for Taxes Paid for the Years 1976 through 1984 in DOUGLAS COUNTY, KANSAS.

Opinion filed March 24, 1989.

*Richmond M. Enochs* and *John P. Gilman*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for appellant Emil Liston Foundation.

*Robert W. Fairchild* and *Patricia Hackney*, of Riling, Norwood, Burkhead, Fairchild & Nitcher, Chartered, of Lawrence, for appellee The Board of County Commissioners of Douglas County, Kansas.

Before GERNON, P.J., DAVIS and ELLIOTT, JJ.

ELLIOTT, J.: The Emil Liston Foundation, owner of real estate in Douglas County (a fraternity house at Baker University), appeals the district court's affirmance of the State Board of Tax Appeals (BOTA) decision. The trial court held the Foundation had to pay interest on late-paid taxes even if the county treasurer failed to make a diligent effort to find a forwarding address when the Foundation's tax notice was returned undelivered.

Finding no error, we affirm.

From 1975 through 1984, the county treasurer mailed tax statements to the Foundation in care of Bob Sperry. Taxes were

fully paid in 1975, and partially paid in 1976 and 1977; from 1978 to 1984, no taxes were paid when due.

In 1984, the county filed for tax foreclosure, seeking to recover taxes plus statutory interest. The Foundation argued that Sperry had moved and the county treasurer did not make a diligent effort to find a new address for the Foundation. The foreclosure court held the legislature did not intend the treasurer's lack of diligence (assuming it occurred) to affect the landowner's liability for the tax.

The Foundation did not appeal the foreclosure judgment; rather, it paid the tax and interest under protest and applied for a refund from BOTA. After the hearing, BOTA declined to reach the county's preclusion (res judicata) argument, and ruled that:
— The Foundation's argument was that the remedy for the treasurer's lack of diligence is to abate the interest assessed on the tax due;
— no authority exists for granting the relief sought;
— the legislature did not intend the treasurer's diligence to be an issue as to whether tax is due;
— BOTA was simply not authorized to grant the requested relief.

The Foundation petitioned for judicial review; the trial court granted the county's summary judgment motion.

The parties spend a great deal of briefing space arguing the question of the treasurer's diligence. But it appears BOTA reached no decision on that issue. If that is so, the trial court lacked authority to do so under the Act for Judicial Review of Agency Actions. K.S.A. 77-601 *et seq.* It appears to us that BOTA adopted the foreclosure court's reasoning that diligence or lack of diligence need not be decided: lack of diligence (assuming it occurred) gives a taxpayer no comfort.

BOTA orders are not subject to de novo review. K.S.A. 1988 Supp. 77-618. BOTA simply decided there was no authority for the relief sought. Our job on review, therefore, is to determine whether BOTA erroneously interpreted or applied the law. K.S.A. 77-621(c)(4).

The Foundation relies heavily on a portion of K.S.A. 1988 Supp. 79-2001 stating that when a tax statement is returned undelivered, the treasurer "shall" make a diligent effort to find a

forwarding address. Mere use of the word "shall" is not sufficient to make a diligence standard mandatory. *Paul v. City of Manhattan*, 212 Kan. 381, Syl. ¶¶ 1, 2, 511 P.2d 244 (1973).

Here, the diligence standard appears to be directory, since the statute is silent as to penalties for a treasurer's noncompliance. Further, K.S.A. 1988 Supp. 79-2004(a) sets due dates and provides for interest on late payment of taxes by any "person charged with real estate taxes on the tax books in the hands of the county treasurer," indicating the legislature did not intend the mailed notice to trigger the accrual of interest.

Everyone is supposed to know the law. See *Palmer v. First Nat'l Bank of Kingman*, 10 Kan. App. 2d 84, 90, 692 P.2d 386 (1984). As a result, the Foundation may be charged with the knowledge its property was and is subject to taxation. And 79-2004(a) establishes the due dates for the payment of taxes and the accrual of interest on delinquent accounts.

Alternatively, we hold the foreclosure court's decision barred the Foundation's later tax protest because the foreclosure court finally decided the issue of the Foundation's liability for interest on the delinquent taxes. Since BOTA expressly declined to decide this question, we must resolve this issue as a matter of law. K.S.A. 77-621(c)(3) provides a reviewing court may grant relief if it determines "the agency has not decided an issue requiring resolution." This statute sufficiently authorizes this court to decide a question of law even though the agency failed to do so.

As previously indicated, the foreclosure court held the treasurer's lack of diligence, assuming it occurred, did not affect the Foundation's tax liability. In *In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985), the Supreme Court ruled that res judicata binds not only as to questions actually presented and decided, but also as to every question which could have been presented and decided.

The Supreme Court considered whether a taxpayer could seek from BOTA a refund of taxes paid under protest after a district court had dismissed the same claims for failure to state a claim in *Wirt v. Esrey*, 233 Kan. 300, 662 P.2d 1238 (1983). The court held that when a court of jurisdiction renders judgment, even if erroneous, that judgment is final unless corrected on appeal, and may not be collaterally attacked. 233 Kan. at 308.

In the present controversy, K.S.A. 79-2803 specifically directs the trial court in a tax foreclosure suit to determine not only the taxes owing, but also any interest. The court is to grant judgment for all amounts due. The Foundation paid its taxes and also paid interest under protest.

As we understand *Reed* and *Wirt*, the Foundation's defenses to the interest either were or could have been asserted in the foreclosure suit; the foreclosure court's judgment was subject to attack only by direct appeal and not by collateral proceedings before BOTA.

The judgment is affirmed.