(997 P.2d 742)

No. 81,641

IN THE MATTER OF THE APPLICATION OF TV REALTY, L.L.C., FOR RELIEF FROM A TAX GRIEVANCE IN SEDGWICK COUNTY, KANSAS.

Opinion filed February 11, 2000.

*James T. McIntyre*, of Law Offices of James T. McIntyre, Chartered, of Wichita, for appellant.

*Patricia J. Parker*, assistant county counselor, for appellee.

Before BRAZIL, C.J., JANICE D. RUSSELL, District Judge, assigned, and JOHN E. SANDERS, District Judge, assigned.

RUSSELL, J: TV Realty, L.L.C., appeals the district court's affirmance of a decision by the Kansas Board of Tax Appeals (BOTA). We reverse.

"BOTA is a specialized agency that exists to decide taxation issues. BOTA's decisions should be given great credence and def-

erence when it is acting in its area of expertise. However, if we find that BOTA's interpretation is erroneous as a matter of law, we should take corrective steps." *In re Tax Appeal of Boeing Co.,* 261 Kan. 508, 515, 930 P.2d 1366 (1977). See *Hixon v. Lario Enterprises, Inc.,* 257 Kan. 377, 378-79, 892 P.2d 507 (1995).

The facts from which this appeal grows are of considerable importance, though they are not in dispute. TV Realty purchased two adjoining parcels of real property in Sedgwick County in 1992. A purchaser of real estate is required to fill out a document called a Real Estate Validation Questionnaire. The purpose of the questionnaire is to elicit information regarding the identification and location of the property, name and address of the purchaser, sales price, date of sale, etc. K.S.A. 79-1437d. The county clerk and the register of deeds use the questionnaires to obtain the correct name and address of the buyer for tax purposes.

TV Realty correctly filled out the Real Estate Validation Questionnaire for both parcels. For unexplained reasons the Sedgwick County Clerk used the questionnaire to change the name and address for one of the parcels on the tax roll, but failed to record the new owner's name and mailing address for the other parcel on the tax roll.

As a result, tax statements for the second parcel for the years 1992 through 1995 did not reach TV Realty. They were returned to the Sedgwick County Treasurer marked "undeliverable." The Sedgwick County Treasurer admits that it did not attempt to locate the taxpayer's correct address.

TV Realty owned numerous parcels of real estate in Sedgwick County during that period of time and paid all taxes on all of them, except the subject parcel, for the tax years 1992 through 1995. As noted previously, the two parcels that TV Realty purchased in 1992 were adjacent to each other. It did receive a tax statement for the first parcel, and because of the way Sedgwick County identifies property, this statement had a common description of the entire economic unit, comprising both parcels. However, the parcels had separate identification numbers, and separate tax statements were issued for the two parcels, one being sent to TV Realty and one being sent to the prior owner.

TV Realty states that it assumed that the tax bill that it received for the tax years 1992 through 1995 covered both parcels. It learned of the missed payments on the subject property when it received a Notice of Tax Foreclosure Proceedings in September 1996. Within 45 days of being notified of the missed taxes, TV Realty paid the missed taxes and interest, totaling $97,285.58, of which $20,419.19 is interest.

TV Realty does not dispute the validity of the taxes; however, it filed a grievance with BOTA regarding the assessment of interest. BOTA ruled that "[w]hile the Board sympathizes with the applicant's situation, no statute authorizes this Board to cancel interest charged by law even when the Board believes the applicant has made a case that the interest and fees should be abated." TV Realty then requested that BOTA reconsider its ruling, but BOTA denied the request, relying upon *In re Tax Protest of Liston Foundation,* 13 Kan. App. 2d 353, 771 P.2d 77 (1989). Thereafter, TV Realty appealed BOTA's ruling to the district court, which denied the appeal without further findings of fact or conclusions of law.

We have reviewed *Liston* and while it has many factual similarities to this case, we do not find it to be dispositive. In *Liston,* the Emil Liston Foundation owned a fraternity house at Baker University. From 1975 through 1984, the county treasurer mailed tax statements to the Foundation in care of Bob Sperry. Upon being notified that the county had filed a tax foreclosure, the Foundation argued that Sperry had moved and the county treasurer did not make a diligent effort to find a new address for the Foundation, as required by K.S.A. 1988 Supp. 79-2001. This court held: "Mere use of the word 'shall' is not sufficient to make a diligence standard mandatory. [Citation omitted]." The court went on to note: "Everyone is supposed to know the law. [Citation omitted]. As a result, the Foundation may be charged with the knowledge its property was and is subject to taxation." *Liston,* 13 Kan. App. 2d at 355.

While the case at hand does share certain factual similarities with *Liston,* we find it distinguishable in several important respects. The first is that there is no evidence that TV Realty moved or changed its mailing address in any way during the operative period, as did the Foundation's agent in *Liston.* Second, review of the *Liston*

opinion only mentions one piece of real estate owned by the Foundation, while in this case TV Realty owned multiple pieces of real estate in the same area, including the two adjoining parcels that are the focus of this appeal. Third, TV Realty paid all of the taxes for which it received tax bills during the period in question, while the taxpayer in *Liston* paid the full amount of taxes in 1975, partial taxes in 1976 and 1977, and none from 1978 through 1984. A fair reading of *Liston* indicates that the taxpayer was at least partially at fault in creating the situation that led to the treasurer's error. We find no fault on the part of the taxpayer in the case at hand.

Review of the opinion of BOTA reveals that it was dissatisfied with the result reached in its analysis of the case.

BOTA rejected TV Realty's argument that it was entitled to relief under the "escaped property" provision of the Kansas tax code, K.S.A. 79-1475. We have reviewed the statute and find that BOTA was correct in refusing to grant TV Realty relief under this statute. It is limited in its application to property that has been omitted from the tax rolls. Both parcels purchased by TV Realty were listed on the tax rolls; the tax statement for the one in question simply was not mailed to the new owner. We agree with BOTA that this was not "escaped" property within the meaning of the statute.

BOTA also rejected TV Realty's argument that it was entitled to relief under the "clerical error" statute, K.S.A. 79-1701 and 79-1701a. BOTA found that the clerk's failure to record the name and mailing address of the new owner was not one of the "clerical errors" specifically enumerated in K.S.A 79-1701 and, therefore, TV Realty was not entitled to request relief under K.S.A. 79-1701a. After review of K.S.A 79-1701, we agree with BOTA that the error in question here is not specifically covered by the statute.

However, we disagree with BOTA that *Liston* is controlling. There, the court held that the language of K.S.A 1988 Supp. 79-2001 was directory, not mandatory. 13 Kan. App. 2d at 354-55. As already noted, *Liston* is factually distinguishable from the case at hand.

K.S.A. 79-2001 provides:

"The [tax] statement shall be mailed to the last known address of the taxpayer or to a designee authorized by the taxpayer to accept the tax statement, if the des-

ignee has an interest in receiving the statement. When any statement is returned to the county treasurer for failure to find the addressee, the treasurer shall make a diligent effort to find a forwarding address of the taxpayer and mail the statement to the new address."

*Liston* cannot be relied upon by taxing entities as *carte blanche* to perform their duties improperly, do nothing whatsoever to correct their own errors, and then shift the burden for these errors to the taxpayer by charging interest for the nonpayment of taxes caused solely by the errors of the taxing entity.

In the case at hand, TV Realty owned numerous pieces of property in Wichita. Tax bills for all of its other properties were properly mailed to it and were paid in a timely fashion. The Sedgwick County Treasurer needed to do no more than crosscheck its own records to discover a proper mailing address for TV Realty. Under the circumstances, we find that the treasurer's failure to find the addressee not only did not meet the standard of "due diligence" required by K.S.A. 79-2001, it constituted no diligence at all.

We recognize that there is no penalty section to address the treasurer's failure to comply with K.S.A. 79-2001. However, we find that the nature of the error originally made by the county clerk, *i.e.*, failing to properly transfer the name and address of the purchaser from the Real Estate Sales Validation Questionnaire, is of the same nature and quality as the types of errors listed in K.S.A. 79-1701. K.S.A. 79-1702 provides a remedy for the clerical errors listed in K.S.A. 79-1701. K.S.A. 79-1702 provides in pertinent part:

*"If any taxpayer . . . shall have a grievance not remediable under the provisions of K.S.A. 79-1701 or 79-1701a, and amendments thereto*, or which was remediable thereunder and reported to the proper official or officials within the time prescribed but which has not been remedied by such official or officials, *such grievance may be presented to the state board of tax appeals and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax, if uncollected, together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of* the amount found to have been unlawfully charged and collected . . . . (Emphasis added.)

. . . .

"In all cases where an *error results in an understatement of values or taxes as a result of a mistake on the part of a county*, the board of tax appeals, if it shall be satisfied from competent evidence produced that there is an understatement

as a result of a clerical error, *may order an additional assessment or tax bill, or both . . . except that, in no such case shall the taxpayer be assessed interest or penalties on any tax which may be assessed."* (Emphasis added.)

We find that BOTA has the authority under K.S.A. 79-1702 to find that Sedgwick County's assessment of interest on taxes that were not billed to the taxpayer entirely due to the fault of the county did constitute a proper grievance for which the remedies of K.S.A 79-1702 are available. K.S.A. 79-1702 specifically permits relief for errors "not remediable under the provisions of K.S.A. 79-1701 and 1701a" as well as those remediable under those sections which were not corrected.

BOTA's interpretation of its authority under K.S.A 79-1702 is erroneous as a matter of law. Therefore, we reverse and remand with orders that the interest charged to the taxpayer be canceled and the interest payments that the taxpayer made under protest be refunded.

Reversed and remanded with directions.