FLORENCE D. WHITNEY *et al.* V. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF MORTON.

No. 14,757.    (85 Pac. 530.)

SYLLABUS BY THE COURT.

1. COUNTY COMMISSIONERS — *Collection of Delinquent Taxes —
   Consolidation of Suits.* Under chapter 392 of the Laws of
   1901 (Gen. Stat. 1901, §§ 7718-7724), relating to the collec-
   tion of delinquent taxes on real estate and providing a
   remedy by sale under decree of court, separate proceedings
   against individual tracts are permissible. In many instances
   there ought to be a joinder. In all cases the board of county
   commissioners ought to exercise care, when ordering pro-
   ceedings to be commenced, not to multiply costs; and if by
   a consolidation the district court can aid in keeping costs at
   a minimum it should make an order to that end, on request,
   unless controlled by some paramount consideration to the
   contrary.

2. —————— *Costs — Discretion of District Court.* If the action
   of the board of county commissioners in ordering separate
   proceedings should result in oppression and palpable wrong,
   the district court may tax any unjust increase in costs so
   made to the plaintiff.

3. TAXATION—*Fraudulent Valuation—Illegal Increment Elimi-
   nated.* In a proceeding brought under the provisions of the
   statute referred to the district court is required to investi-
   gate and decide what taxes have been legally assessed and
   charged upon the land in controversy. An increment to
   taxes occasioned by a fraudulent valuation is illegal, and
   should be eliminated from the amount of the plaintiff's lien.

4. LIMITATION OF ACTIONS — *Suit to Enforce Tax Lien.* The
   statute requiring actions to enforce a liability created by
   statute to be commenced within three years has no applica-
   tion to suits brought to enforce tax liens.

Error from Morton district court; WILLIAM EASTON
HUTCHISON, judge. Opinion filed April 7, 1906. Re-
versed.

*Allen & Allen,* for plaintiffs in error.

*M. J. Allen,* county attorney, for defendant in error;
*George Getty,* and *G. Porter Craddock,* of counsel.

The opinion of the court was delivered by

BURCH, J.: This proceeding in error grows out of a suit brought to enforce tax liens under chapter 392 of the Laws of 1901 (Gen. Stat. 1901, §§ 7718-7724), providing a remedy by sale under decree of court. Under an order of the board of county commissioners the county attorney brought a large number of suits to foreclose tax liens, devoting a single suit to each unredeemed tract. A large number of defendants moved for a consolidation, and the refusal of the court to comply with their applications is assigned as error.

The statute relates to "cases" in which real estate remains unredeemed, and the commissioners are given authority to order proceedings against so much of the unredeemed real estate of the county· as they may direct. Separate proceedings therefore are permissible, although not required. In many instances, no doubt, a single suit for the foreclosure of the lien upon a single tract is the only proper method of procedure. In many other cases there should be a joinder, and the board of county commissioners always ought to exercise great care when ordering proceedings not to multiply costs. Likewise when the matter of consolidating suits already commenced is presented to the district court it should manage the litigation in such a way as to keep costs at a minimum.

One individual may be the owner of a large number of tracts, all affected by the same tax proceedings. In such a case it would be unjust for the board of county commissioners to require separate suits, and it would be an abuse of discretion in the district court not to consolidate such suits after they had been started, unless some exceptionally important fact should control to the contrary. Other clear cases might be suggested. No very large amount of arbitrary power has been distributed among officers and tribunals of this state vested with authority in public affairs, and if the ac-

tion of the board of county commissioners in ordering separate proceedings should result in oppression and palpable wrong the district court should remedy the injury by apportioning costs at the time of the decree.

The board of county commissioners has a discretion only as to the time and manner in which. it will act. When proceedings have been commenced it is merely a party, and the district court has jurisdiction to protect the rights of all concerned. The proceeding is equitable—for the enforcement of a lien—and the lien-holder may be required.to bear whatever unconscionable increase it may make in the costs. In this case the only reason given for the motions to consolidate is that the suits might have been joined. It cannot be said, therefore, that the district court abused its discretion.

The answers pleaded facts showing a fraudulent valuation, whereby the defendants' taxes were greatly increased, but the defendants were not permitted to introduce evidence in support of this claim. The plaintiff contends that the remedy lay in an application to the board of equalization. The statute requires the court "to investigate and decide what taxes shall have been legally assessed and charged on such land, lot, or piece of ground, and to render judgment therefor, together with the interest and penalty thereon as provided by law." (Gen. Stat. 1901, § 7720.) This does not mean that mere errors of judgment, mistakes or simple irregularities on the part of any of the officials may be corrected in the foreclosure suit. But an increment to taxes occasioned by fraud in the valuation of the property affected is so far illegal as to be within the contemplation of the statute. Without the statute the courts have exercised jurisdiction to restrain the collection of taxes which were the result of conduct quite similar to that described in the answers in this case (*C. B. & Q. Rld. Co. v. Comm'rs of Atchison Co.*, 54 Kan. 781, 39 Pac. 1039), and the legisla-

ture evidently intended to give the court authority to eliminate the products of fraud, corruption and gross injustice from the amount of the claimed lien before entering a decree for the sale of the land.

The defendants claim that the liability of their land to sale for taxes under a decree of court is one created by statute, and hence that suit for that purpose must be brought within three years. Under the provisions of section 5 (Gen. Stat. 1901, § 7722) the board of county commissioners acts in a representative capacity. The proceeding is brought for the benefit of the state of Kansas and all of its municipal subdivisions interested in the taxes to be recovered. The proceeds of the foreclosure sale are distributed among the beneficiaries, including the state, ratably in proportion to their several interests. Under the well-known rule statutes of limitation do not apply to the state except by specific reference. The state is certain to be interested in almost every proceeding brought under the act. No discrimination having been made between those cases and others, it is plain the legislature did not intend that suit should be barred in any instance by lapse of time. Other considerations lead to the same interpretation, but it is not necessary to elaborate them.

For the error committed in rejecting evidence under the answers the judgment of the district court is reversed, and a new trial awarded.

All the Justices concurring.