No. 50,627

In the Matter of the Real Estate Tax Protest of RONALD & JULIA
RICE

(620 P.2d 312)

Original opinion (unpublished) filed April 21, 1980. Opinion on rehearing filed
November 20, 1980.

*Donna Voth,* assistant county counselor, for appellants Shawnee County Board
of Commissioners, Shawnee County Assessor and Shawnee County Treasurer.

*Gary A. Savaiano,* of Topeka, for appellees.

The opinion of the court was delivered by

MILLER, J.: This is an appeal in a tax protest matter in which we
are called upon to determine two issues: whether House Bill No.
3228, enacted by the 1980 Kansas Legislature and now appearing
as Chapter 236, Laws of 1980, is constitutional; and whether
delinquent taxes may be subject to protest under the provisions of
K.S.A. 79-2005.

The first issue was resolved in *Board of Greenwood County
Comm'rs v. Nadel,* 228 Kan. 469, 618 P.2d 778 (1980), where we
held that Chapter 236, Laws of 1980, is constitutional. We adhere
to that determination.

We now turn to the sole remaining issue in this case: whether
delinquent taxes may be protested under K.S.A. 79-2005. The
taxpayers, Ronald and Julia Rice, made payment, under protest,
of several years' taxes on Shawnee County real estate on August
31, 1977. The protest was filed when the taxes were paid, and was
timely perfected to the Board of Tax Appeals. That Board granted
relief to the taxpayers for the years 1973 through 1976. The Board
of County Commissioners, the County Assessor, and the County
Treasurer of Shawnee County (hereafter "County") appealed to
the Shawnee District Court where the matter was tried. The
County contended that delinquent taxes could not be protested
under the statute. The trial court held in favor of the taxpayers on
that issue and affirmed the order of the Board of Tax Appeals. The
County appealed to the Court of Appeals, and we transferred the
case to this court.

The applicable portions of K.S.A. 79-2005 governing tax protests read:

"(1) Any taxpayer before protesting the payment of his or her taxes, shall be required, at the time of paying said taxes, to make and file a written statement with the county treasurer, on forms approved by the director of property valuation and provided by the county treasurer, clearly stating the grounds on which the whole or any part of said taxes are protested, and shall further cite any law, statute, or facts on which such taxpayer relies in protesting the whole or any part of such taxes. . . . If the grounds of such protest shall be that any tax levy or any part thereof is illegal, such statement shall further state the exact portion of said taxes which is being protested or if the grounds of such protest shall be that the valuation or assessment of the property upon which the taxes so protested are levied is illegal or void, such statement shall further state the amount of valuation or assessment which the taxpayer admits to be valid and the exact portion of said taxes which is being protested. . . .

"(2) Every taxpayer protesting the payment of taxes, within thirty (30) days after filing his or her protest shall either commence an action for the recovery thereof in some court of competent jurisdiction, or file an application with the state board of tax appeals, on forms approved by the state board of tax appeals and provided by the county treasurer, for a hearing on the validity of such protest. Within ten (10) days after the filing of such application, such taxpayer shall give notice of the same to the county treasurer by filing with him or her a true copy of the application filed with the board. The board shall fix a time and place for a hearing on such application . . . ."

The wording of this statute has been changed but little since its enactment in 1941. See L. 1941, ch. 374, § 1. We note that it has been amended since this case arose, but the amended portions have no applicability here. The principal changes are that a taxpayer who pays all or a part of his taxes before December 20 may now file a protest on or before December 20, and the taxpayer must now file an application for refund with the Board of Tax Appeals; direct actions for refund in "some court of competent jurisdiction" are no longer provided for in subsection (2). See L. 1980, ch. 315.

The County relies upon a Johnson District Court case, *Capital Federal Savings and Loan Association v. Western Lumber and Building Supply, Inc.,* Case No. 49941, decided in 1976. The trial judge in that case dismissed the tax protest portion of the plaintiff's claim, saying:

"Failure to make timely payment of taxes results in those taxes becoming final and due and not subject to protest. K.S.A. 1975 Supp. 79-2005 is the tax protest statute. K.S.A. 1975 Supp. 79-2004, 2004a specify the time for payment of taxes. When read together, these provisions lead to this conclusion. . . .

"The relevant language of 79-2005 is: 'Any taxpayer before protesting the pay-

ment of his taxes, shall be required, *at the time of paying said taxes,* . . . . 79-2004, 2004a define the 'time of paying said taxes' as either all on the twentieth of December or, one-half then and one-half on the following June 20th. The effect of these provisions is to provide that a legitimate tax protest must be made at the time taxes are due and not after.

"Further evidence of this conclusion is found in the interest penalty provisions of 79-2004 and 2004a. If the taxpayer fails to pay at least the one-half of the [real estate] taxes by December 20th, interest is charged on that one-half. . . . The imposition of the penalty is indicative of the final nature of the tax at that point. It should finally be noted that 79-2005(2), which provides for the refund of taxes following a successful protest, does not include any interest to be refunded. Clearly, the legislature did not contemplate a tax protest on delinquent taxes."

The Shawnee District Court, in the action before us, disagreed. That court said:

"The Court finds that to adopt the reasoning urged on it by the appellants herein would result in the Court reading into or expanding upon K.S.A. 79-2005 the additional provision that *taxes when delinquent may not be protested.* The Court is of the opinion that when there are several statutes and the construction of the same is not clear, the Court can consider the same together and arrive at the legislative intent therein. The Court is further of the opinion that when a statute such as K.S.A. 79-2005 is in the Court's opinion perfectly clear on its face, that the Court may not expand or enlarge upon matters which are not expressly stated therein."

First, let us consider the matter of the imposition of a penalty upon delinquent taxes, and the failure of K.S.A. 79-2005 to provide for recovery of penalties. Long ago, in *State ex rel. Farnham v. Bowker,* 4 Kan. *114 (1866), we held that the ten percent penalty required to be added when taxes are not timely paid *becomes a part of the taxes.* Thus the penalty is recoverable pursuant to K.S.A. 79-2005 since it is a part of the protested taxes.

As to time of payment of real estate taxes, K.S.A. 1979 Supp. 79-2004 provides for payment without penalty, one-half on or before December 20 and the remaining one-half on or before June 20. The statute, however, goes further: it provides that in case the first half remains unpaid after December 20th, it draws interest at a specified rate "and may be paid at any time prior to June twentieth following" by paying the one-half together with accrued interest from December 20. Further, all real estate taxes which remain due and unpaid on June 21 shall draw interest thereafter "until paid." Thus the statute recognizes that though taxes are "payable" on fixed dates, taxes may actually be paid at other times.

The language of K.S.A. 79-2005 is clear. Any taxpayer who wishes to protest taxes must (1) pay the taxes; (2) file with the county treasurer, at the time of payment, a written statement stating the grounds of protest; (3) within 30 days thereafter, commence an action in court or file an application with the Board of Tax Appeals; and, if the latter alternative is chosen, then (4) within ten days the taxpayer must file with the county treasurer a true copy of the application filed with the Board. The protest must be filed with the county treasurer "at the time of paying," not when the taxes are "payable."

The issue was first raised when this matter was before the Board of Tax Appeals. That Board indicated that it had never so construed K.S.A. 79-2005; that to do so would place upon the Board a limitation which does not exist within the language of the statute; and that if the legislature intended to so limit protests, it could have done so.

To prohibit the protest of delinquent taxes is a prerogative of the legislature; it did not write that provision into the tax protest law, and we are not inclined to give the statute a strained and tortured interpretation in order to do so. In *Sohio Petroleum Co. v. Board of County Commissioners,* 201 Kan. 315, 440 P.2d 554 (1968), the trial judge had placed a strict interpretation on K.S.A. 79-2005, and under that interpretation held protest statements invalid. On appeal by the taxpayers we reversed, holding that although the statute must be clearly followed by a protesting taxpayer, the protest statements were in substantial compliance with the statutory requirements. We gave the statute a common-sense interpretation. We conclude that both the Board of Tax Appeals and the trial court did so in this case, and were correct in their rulings.

The judgment is affirmed.

SCHROEDER, C.J., dissenting: My dissent is confined to the second issue determined by the court in the majority opinion.

The provisions of K.S.A. 79-2005 authorizing the payment of property taxes under protest do not authorize the payment of *delinquent* taxes under protest when the entire legislative taxing scheme on property is construed.

K.S.A. 79-1804 provides:

"All taxes shall be due on the first day of November of each year. A lien for all

taxes shall attach to the real property subject to the same on the first day of November in the year in which said tax is levied, and such lien shall continue until such taxes and penalty, charges and interest which may have accrued thereon, shall be paid by the owner of the property . . . ."

K.S.A. 1979 Supp. 79-2004, 2004a, define the time of paying said taxes as either all on the 20th of December, or, one-half then and one-half on the following June 20th.

The relevant language in K.S.A. 79-2005 is: "Any taxpayer before protesting the payment of *his or her* taxes, shall be required, *at the time of paying said taxes*" (emphasis added) to comply with the specified procedural mandates. The statutory mandate further requires the taxpayer to proceed with *dispatch* in pursuing the protest to a determination.

Reference to "said taxes" in 79-2005 is to the taxes due November 1 of each year, and payable on December 20th of that year or June 20th of the following year.

Failure to make timely payment of property taxes results in those taxes becoming final and due and not subject to protest. The effect of these provisions, and the amendment of 79-2005 by the legislature in 1980 (L. 1980, ch. 315) is to provide that a legitimate tax protest must be made at the time the taxes are due and payable each year and not thereafter.

Further evidence of this legislative intent is found in the interest penalty provisions of 1979 Supp. 79-2004 and -2004a. If the taxpayer fails to pay at least the one-half of the real estate taxes by December 20th, interest is charged on that one-half; interest is charged on the entire tax due, if personal property. The imposition of the penalty is indicative of the final nature of the tax at that point. It should be noted that 79-2005(2), which provides for the refund of taxes following successful protest, does not include any interest to be refunded. Clearly, the legislature did not contemplate a tax protest on delinquent taxes.

Considerations in the ascertainment of legislative intent should also include review of the procedures for the collection of delinquent property taxes.

In *Sohio Petroleum Co. v. Board of County Commissioners,* 201 Kan. 315, 322, 440 P.2d 554 (1968), the court said:

"Property is valued for ad valorem tax purposes on a yearly basis, and the taxes resulting from such valuation are levied on a yearly basis. (K.S.A. 79-309.) The taxpayer's, '*his*,' taxes referred to in 79-2005, *supra,* are the taxes levied for the year.

"When is the taxpayer required to file his written protest statement? The section of the statute under scrutiny says, '*at the time* of paying said taxes'." (Emphasis in original.)

It is respectfully submitted that the provisions of K.S.A. 79-2005 authorizing the payment of property taxes under protest do not authorize the payment of delinquent taxes under protest.