(758 P.2d 254)

No. 61,565

BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, KANSAS, *Appellee*, v. ESLEY EARL SCHMIDT and MILDRED RUTH SCHMIDT, *Appellants.*

Petition for review denied September 27, 1988.

Opinion filed July 22, 1988.

*Stephen Jones*, of Coffman, Jones. & Gilliland, of Lyndon, for the appellants.

*James W. Lusk*, county attorney, for the appellee.

Before DAVIS, P.J., BRISCOE and LARSON, JJ.

DAVIS, J.: Esley Earl Schmidt and Mildred Ruth Schmidt appeal from a summary judgment in a tax foreclosure action filed by the Osage County Board of Commissioners (Board) pursuant to K.S.A. 79-2801 *et seq.* The Schmidts contend that the trial court erroneously refused to consider their defense of constructive fraud in the valuation and assessment of their property.

The dispositive issue on appeal is whether the Schmidts are precluded from raising their defense of constructive fraud because they failed to exhaust their administrative remedies. We hold that the Schmidts were required to exhaust the full and adequate administrative remedy provided in K.S.A. 1987 Supp. 79-2005 and 1987 Supp. K.S.A. 74-2426 and could not raise their

allegations of constructive fraud for the first time in the tax foreclosure action.

The Schmidts owned three parcels of real estate in Osage County. Their property was valued in 1966 by J.M. Clemenshaw Company, an appraisal firm hired by the county. The county filed this action in 1986. The trial court found that the Schmidts had "not paid the taxes levied on their real property since the last tax sale by the county. At the day of [the last] sale, May 17, 1978, they redeemed the property at the last minute. Since then, they have not paid the taxes for the years 1977 to the present."

In their answer, the Schmidts alleged that their property was "assessed at an assessment rate many times greater than other real property in Osage County, Kansas," and that the Board has "acted in an arbitrary, capricious and unlawful manner, contrary to law and fact to such a degree that such actions amount to constructive fraud . . . and a denial of due process of law and equal protection of the law . . . and . . . subject them to an excessive and disproportionate share of the tax burden of Osage County, Kansas." They asked the court to declare "invalid the averred assessments upon their real property and determine the proper and lawful taxes owed by them thereon."

In "Additional Pretrial Contentions," which accompanied their pretrial questionnaire, the Schmidts alleged that the ap-. praisal of their property was not based upon fair market value as required and defined by K.S.A. 79-501 and 79-503a and that the assessment is invalid because it does not comply with K.S.A. 79-1439. They also alleged that no "real and even reasonably thorough inspection" was made of their property; that the appraisal and assessment are so high as to amount to confiscation without due process of law; and that the method of assessment violates Article 11, Section 1 of the Kansas Constitution, as well as state and federal equal protection and due process clauses. They asked the court to declare K.S.A. 79-1451 unconstitutional and to "issue an order compelling the Osage County Assessor to reappraise all unclassified property subject to general property taxes in Osage County, Kansas, in order that the method of appraisal, assessment and taxation of said property conform to Article XI, Section 1, of the Kansas Constitution."

"The well-recognized rule in this state is that where a full and adequate administrative remedy is provided in tax matters by

statute, such remedy must ordinarily be exhausted before a litigant may resort to the courts." *State ex rel. Smith v. Miller,* 239 Kan. 187, 718 P.2d 1298 (1986) (quoting *Tri-County Public Airport Authority v. Board of Morris County Comm'rs,* 233 Kan. 960, 966-67, 666 P.2d 698 [1983]). "All the policy considerations underlying the exhaustion doctrine are present whether a contention is advanced by a plaintiff or a defendant." *State, ex rel., v. Unified School District,* 218 Kan. 47, 51, 542 P.2d 664 (1975).

In K.S.A. 1987 Supp. 79-2005, the legislature has provided a full and adequate remedy for Kansas taxpayers who claim the valuation or assessment of their property is illegal or void. The taxpayer is required to pay the taxes under protest and to file a written statement with the county treasurer specifying the grounds of protest, the exact amount of valuation or assessment that the taxpayer admits to be valid, and the exact portion of taxes being protested. K.S.A. 1987 Supp. 79-2005(a), (b). Within thirty days of filing the written protest, the taxpayer must file an application for refund with the Board of Tax Appeals (BOTA). K.S.A. 1987 Supp. 79-2005(e). The taxpayer is afforded a hearing before the BOTA within ninety days of application. K.S.A. 1987 Supp. 79-2005(h). After denial of a motion for rehearing, the final decision of the BOTA may be appealed pursuant to K.S.A. 1987 Supp. 74-2426. The remedy provided in K.S.A. 1987 Supp. 79-2005 and K.S.A. 1987 Supp. 74-2426 is available even to a delinquent taxpayer. See *In re Tax Protest of Rice,* 228 Kan. 600, 620 P.2d 312 (1980).

The Schmidts base their contention that the trial court was required to entertain their defense of constructive fraud upon K.S.A. 79-2803 and an early Kansas case, *Whitney v. Morton County,* 73 Kan. 502, 85 Pac. 530 (1906). In *Whitney,* the court held that the legislature intended to authorize the court in a tax foreclosure action to address allegations of fraudulent valuation even though the defendants had not made application to the county board of equalization. The court based its holding on G.S. 1901, § 7720, which contained language similar to that found in K.S.A. 79-2803:

"[I]t shall be the duty of such district court, in as summary way as possible, to investigate and to decide what taxes, charges, interest, and penalty thereon, to the date of the filing of the petition, shall have been legally assessed and charged on such tract, lot, or piece of real estate and to render judgment therefor . . . ."

The *Whitney* court held that this provision "does not mean that

mere errors of judgment, mistakes or simple irregularities on the part of any of the officials may be corrected in the foreclosure suit. But an increment to taxes occasioned by fraud in the valuation of the property affected is so far illegal as to be within the contemplation of the statute." 73 Kan. at 504.

Although this holding in *Whitney* has not been overruled, it has not been relied upon by any subsequent Kansas appellate court decision. Since 1941, cases involving contentions similar to those raised by the Schmidts have been adjudicated generally pursuant to 79-2005. See, *e.g., Gordon v. Hiett*, 214 Kan. 690, 522 P.2d 942 (1974); *Garvey Grain, Inc. v. MacDonald*, 203 Kan. 1, 453 P.2d 59 (1969); *Addington v. Board of County Commissioners*, 191 Kan. 528, 382 P.2d 315 (1963). In light of the taxpayer remedies enacted after *Whitney*, particularly K.S.A. 1987 Supp. 79-2005 and K.S.A. 1987 Supp. 74-2426, we do not believe that the above holding in *Whitney* remains viable law.

The legislative history of 79-2005 reinforces our conclusion that a taxpayer must exhaust administrative remedies and may not raise allegations of constructive fraud in the valuation or assessment of property for the first time in a tax foreclosure action. In 1980, the legislature amended 79-2005, eliminating the option of bringing an action in district court for recovery of taxes paid under protest. The objective of the amendment was to channel all tax matters through the BOTA. See *State ex rel. Smith v. Miller*, 239 Kan. at 189-90; *Tri-County Public Airport Authority v. Board of Morris County Comm'rs*, 233 Kan. at 964. A holding that a valuation or assessment may be challenged on the ground of constructive fraud for the first time in a tax foreclosure action would undercut this objective. Rather than paying taxes under protest and applying for relief through the BOTA pursuant to K.S.A. 1987 Supp. 79-2005, the taxpayer could await the county's foreclosure action and challenge the valuation or assessment directly in the district court. Such deliberate avoidance of the scheme established by the legislature in K.S.A. 1987 Supp. 79-2005 and K.S.A. 1987 Supp. 74-2426 cannot be judicially sanctioned.

We hold that the Schmidts were required to exhaust the full and adequate administrative remedy provided in K.S.A. 1987 Supp. 79-2005 and K.S.A. 1987 Supp. 74-2426 and that the

district court did not err by granting the Board's motion for summary judgment.

Affirmed.