(966 P.2d 89)

No. 79,092

HOUSE OF SCHWAN, INC., CAPITAL DISTRIBUTING CO., INC., MIDWEST DISTRIBUTORS CO., INC., WESTERN BEVERAGE, INC., CITY BEVERAGE CO., INC., and SLAYMAN BEVERAGE CO., INC., *Appellants*, v. BERNIE NORWOOD, DIRECTOR OF ALCOHOLIC BEVERAGE CONTROL, and DEPARTMENT OF REVENUE, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, *Appellees*.

Opinion filed October 2, 1998.

*Darin M. Conklin* and *W. Robert Alderson*, of Alderson, Alderson, Weiler, Conklin, Burghart & Crow, L.L.C., of Topeka, *Max E. Estes*, of Max Eugene Estes, P.A., of Dodge City, *Charles F. Marvine, Jr.*, of Couch, Strausbaugh, Pierce

& King, Chtd., of Overland Park, and *David S. Elkouri*, of Hinkle, Eberhart & Elkouri, L.L.C., of Wichita, for appellants.

No appearance by appellees.

Before BRAZIL, C.J., GERNON and PIERRON, JJ.

BRAZIL, C.J.: Plaintiffs/appellants appeal the decision of the district court dismissing their petition for judicial review of the ruling by the Director of Alcoholic Beverage Control (ABC), Bernie Norwood, that the Director of ABC and the Department of Revenue, Division of ABC, did not have jurisdiction pursuant to K.S.A. 41-410 to determine whether reasonable cause existed for the termination of appellants' franchise agreements for the distribution of Grolsch beer products.

This case arose when Seagram Beverage Company (Seagram) became the United States importer of Grolsch beer and informed the ABC in a letter dated March 7, 1996, that it intended to terminate the appellants' franchises to distribute Grolsch beer products in Kansas effective April 15, 1996. Seagram did not state in its letter the reason for the termination of the franchises.

The sole issue before us is whether the Director of ABC had jurisdiction to determine whether reasonable cause existed for the termination of the appellants' franchise agreements pursuant to K.S.A. 41-410. The issue involves statutory construction. Therefore, our review is unlimited. *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997). However, our unlimited review is tempered by the doctrine of operative construction, which recommends that a court give deference to an agency's interpretation of the law. *In re Application of Zivanovic*, 261 Kan. 191, Syl. ¶ 4, 929 P.2d 1377 (1996); *Board of Douglas County Comm'rs v. Cashatt*, 23 Kan. App. 2d 532, Syl. ¶ 7, 933 P.2d 167 (1997).

K.S.A. 41-410 is part of the Kansas Liquor Control Act (KLCA), K.S.A. 41-101 *et seq.*, and provides for the regulation of exclusive territorial liquor franchises. It provides in part:

"(c) No supplier or distributor shall terminate or modify a franchise for the distribution of a brand of alcoholic liquor or cereal malt beverage or alter the geographic territory designated in a franchise agreement unless such supplier or

distributor files written notice thereof with the director not less than 30 days prior to the termination, modification or alteration. In the case of an alteration in a franchise territory, such notice shall be accompanied by a map outlining the altered territory. Upon receipt of such notice, the director shall notify immediately, by certified mail, all affected parties of the impending termination, modification or alteration.

"(d) Any notice filed by a supplier pursuant to subsection (c) shall be accompanied by an affidavit stating that the termination, modification or alteration is not caused by the failure of the distributor to violate any provision of the Kansas liquor control act or any rules and regulations adopted pursuant thereto.

"(e) Any supplier or distributor aggrieved by a termination, modification or alteration made under subsection (c) *may file an appropriate action in any district court of this state having venue,* alleging that the termination, modification or alteration *violates the franchise agreement between the supplier and distributor involved.*

"(f) No franchise agreement for the distribution of a brand of alcoholic liquor or cereal malt beverage *shall be terminated or modified, nor shall the territory designated in such an agreement be altered, except for reasonable cause.*" (Emphasis added.)

The appellants argue that the KLCA vests the Director and the agency with the power to enforce the laws under the Act and, therefore, ABC should also have the power to determine whether the termination of the franchises was appropriate. The appellants argue that the court was in error in concluding that the Director's duties with regard to franchise agreements were ministerial in nature. They contend that since K.S.A. 41-410(g) declares this statute to be part of and supplemental to the KLCA, the provisions of that Act empowering the Director to enforce the provisions of the KLCA should extend to enforcement of the prohibition of termination of franchise agreements contained in K.S.A. 41-410(f).

Director Norwood refused to determine whether there was reasonable cause for termination. Norwood concluded that the legislature intended that such a determination was to be made by the district court and relied upon Att'y Gen. Op. No. 90-94.

In that advisory opinion, an Assistant Attorney General concluded that the Director had no duty to decide whether a franchise agreement had been terminated without good cause. Att'y Gen. Op. No. 90-94. The Assistant Attorney General concluded that K.S.A. 41-410 "clearly requires that the director be notified of a

proposed termination, but does not specify any action on the part of the director other than to notify all affected parties of the impending termination." The Assistant Attorney General reviewed the legislative history of the statute and noted that it was first enacted in 1979 and that the original version of the statute, as conceived by the Senate Committee of the Whole, would have provided that the notice of termination would set forth specific reasons for the termination, and that if an objection to the termination was filed with the Director, a hearing was to be set at which the Director would consider the reasons given by the supplier to justify the termination. If the Director determined that the termination was being proposed in good faith and for good cause, the Director was to order that the termination was to be authorized. Conversely, if the Director determined that the termination was not being proposed in good faith, the Director was to enter an order prohibiting the termination. Att'y Gen. Op. No. 90-94, p. 3-4.

The Assistant Attorney General noted that the portions of this bill dealing with administrative procedures for determining whether good cause existed for termination of a franchise agreement were deleted in the final version of the bill. The Assistant Attorney General determined that this indicated that the legislature did not intend to require the Director to make a determination of good cause or reasonable cause for every termination. Att'y Gen. Op. No. 90-94, p. 5.

In their petition for review of the order of the Director, the appellants argued that the Director had the authority and the duty to require that Seagram make an affirmative showing of reasonable cause prior to permitting termination of the franchise agreement. Although in that motion they argued that the prohibition against franchise termination without reasonable cause as set forth in K.S.A. 41-410(f) is to be enforced by the Director, as are other prohibitions under the KLCA, the district court disagreed and stated that it "must agree with the Defendant [Director] that the legislature, through the enactment of K.S.A. 41-410(e), intended to limit the jurisdiction of ABC over franchise disputes. The provision clearly mandates that the disputes are to be heard only in the district courts of the State of Kansas."

The court noted that there is a presumption that the legislature does not intend to enact useless or meaningless legislation and that statutes are to be construed so as to avoid unreasonable results. It reasoned that the only explanation for the existence of K.S.A. 41-410(e) is to take the initial jurisdiction of these matters from the ABC and confer it upon the district court, and that any other interpretation would result in the plaintiff having a choice of venue between either a hearing by the ABC or a civil trial in the district court. The court found such an interpretation to be contrary to the purpose of the administrative system of adjudication. The court denied the defendants' motion to dismiss, but found for the defendants as a matter of law, denying the plaintiffs' motion for judicial review.

In its denial of the motion for reconsideration, the district court once again stated its conclusion that the Director did not have jurisdiction to decide this matter and that the legislature had provided in K.S.A. 41-410(e) a specific procedure for disputes over termination of franchise agreements which preempts the agency from adjudicating such issues.

Although it might be preferable for the Director to determine whether there was reasonable cause for the termination of franchise agreements, the Director and the district court did not err in determining that this is not what the legislature intended. K.S.A. 41-410(e) provides that disputes over franchise agreements may be filed in the district court. Although K.S.A. 41-410(f) provides that no franchise may be terminated without reasonable cause, this subsection does not provide for an administrative procedure through which this issue may be decided. As the Assistant Attorney General noted, in one version of the bill which later became K.S.A. 41-410(f), the legislature did set forth such a procedure. However, since that language was removed, we must conclude that the legislature did not intend for the director to hold hearings on this issue prior to a determination by the district court that there was no reasonable cause to terminate a franchise agreement. After such a determination is made, the Director has the power pursuant to K.S.A. 41-201 *et seq.* to enforce the KLCA and may take appropriate action against the offending parties.

Affirmed.