(985 P.2d 725)
No. 80,114

IN THE MATTER OF THE TAX PROTESTS AND GRIEVANCES OF
CURTIS MACHINE COMPANY FOR TAXES PAIN IN FORD
COUNTY, KANSAS.

Opinion filed
August 20, 1999.

*Eric F. Melgren*, of Foulston & Siefkin L.L.P., of Wichita, for appellant.

*Terry R. Fuller* and *Paul S. Bassett*, of Kinsley, for appellee.

Before LEWIS, P.J., RULON, J., and THOMAS H. BORNHOLDT, District Judge, assigned.

RULON, J.: Taxpayer Curtis Machine Company appeals the district court's order finding the Board of Tax Appeals lacked jurisdiction to consider its valuation appeal following a foreclosure action in the district court. We reverse and remand.

In August 1992, the Board of County Commissioners of Ford County, Kansas, (Ford County) instituted a foreclosure action against Curtis Machine Company (Curtis Machine) under K.S.A. 79-2801 for the sale of real estate for unpaid taxes on numerous tracts for tax years 1983-1991. In July 1993, the district court found the taxes had been legally assessed, giving Ford County a first and prior lien against the land. Later, Ford County entered into an agreement with Curtis Machine to grant the taxpayer additional time to satisfy the tax obligation before the tax sale. Ford County had also secured judgments against Curtis Machine under K.S.A. 79-2101 for unpaid personal property taxes for tax years 1985-1992.

On May 3, 1994, Curtis Machine paid under protest the disputed real estate and personal property taxes, interest, and penalties for 1986-1993. On April 5, 1994, Curtis Machine filed tax grievance applications with the Ford County appraiser's office for personal property for 1985-1993 and filed the tax grievance applications with the Board of Tax Appeals (BOTA) on April 25, 1994. On June 23, 1994, BOTA received 17 of Curtis Machine's protest appeals. One set appealed tax years 1983-1991 for parcel 029-099-31-0-10-01-001.00-0; a second set appealed tax years 1983-1990 for parcel 029-087-35-0-40-20-026.00-0. On August 5, 1994, BOTA received the remaining protest appeals dealing with personal property for tax years 1985—1993.

In November 1994, Ford County filed a motion to dismiss for lack of jurisdiction. In July 1995, BOTA found that although Curtis Machine could not argue valuation and assessment issues for the first time in the foreclosure court, when the foreclosure court determined that the taxes had been legally assessed, it had therefore determined the valuation and assessment were correct. Eventually, BOTA dismissed Curtis Machine's grievance applications and tax protest appeals for lack of jurisdiction.

Curtis Machine filed a petition for reconsideration with BOTA. Upon reconsideration in January 1996, BOTA found Curtis Ma-

chine could not have raised the valuation issue in the foreclosure action without first exhausting its administrative remedies. BOTA found the foreclosure court did not determine whether the valuation or classification was correct, so BOTA had jurisdiction to consider those issues in Curtis Machine's appeal.

Ford County filed a petition for review of agency action with the district court. The district court found BOTA did not have jurisdiction to hear Curtis Machine's valuation appeal because the foreclosure action finally determined the rights of the parties. Curtis Machine appeals to this court.

## JURISDICTION

Determining whether the district court erred in finding BOTA did not have jurisdiction over Curtis Machine's valuation appeal involves statutory construction, giving this court unlimited review. See *House of Schwan, Inc. v. Norwood*, 25 Kan. App. 2d 539, 540, 966 P.2d 89 (1998) (citing *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, 514, 930 P.2d 1366 [1997]).

In a foreclosure action under K.S.A. 79-2801, the district court determines the amount of taxes, charges, interest, and penalties chargeable to each particular piece of real estate and orders the land sold at public sale for the satisfaction of the resulting lien. See K.S.A. 79-2801(a). Ford County asserts the judgment in the foreclosure action served to finally determine that the property valuation was correct, precluding Curtis Machine from later raising that issue with BOTA.

"Res judicata (claim preclusion) prevents the relitigation of claims previously litigated and contains four elements: (1) same claim; (2) same parties; (3) claims were or could have been raised, and (4) a final judgment on the merits. Collateral estoppel (issue preclusion) prevents the relitigation of issues previously litigated and, if res judicata is found to apply, there is no need to consider the application of collateral estoppel." *Neunzig v. Seaman U.S.D. No. 345*, 239 Kan. 654, 660-61, 722 P.2d 569 (1986).

In order for Curtis Machine to be precluded from raising the valuation issue with BOTA, it must have been able to raise the issue with the district court in the foreclosure action and the district court must have issued a final judgment on the merits.

In *Board of Osage County Comm'rs v. Schmidt*, 12 Kan. App. 2d 812, 758 P.2d 254, *rev. denied* 243 Kan. 777 (1988), the taxpayers appealed the foreclosure court's refusal to consider their defense of constructive fraud in the valuation and assessment of their property. This court held the taxpayers were required to exhaust their administrative remedies under K.S.A. 1987 Supp. 79-2005 and K.S.A. 1987 Supp. 74-2426, so they could not raise the constructive fraud defense for the first time in the tax foreclosure action. *Schmidt*, 12 Kan. App. 2d at 812-13.

In *J. Enterprises, Inc. v. Board of Harvey County Comm'rs*, 253 Kan. 552, 857 P.2d 666 (1993), the taxpayer attempted to raise a tax exemption issue with the district court without first raising the issue with BOTA. Our Supreme Court concluded the district court was without jurisdiction to hear the issue because the taxpayer was required to exhaust its administrative remedies with BOTA. *J. Enterprises*, 253 Kan. at 560-61. Clearly, the district court has original jurisdiction over tax issues only when there exists "fraud, corruption and conduct so oppressive, arbitrary or capricious as to amount to fraud." *J. Enterprises*, 253 Kan. at 556-57 (quoting *Symns v. Graves*, 65 Kan. 628, 636, 70 Pac. 591 [1902]). The *J. Enterprises* court noted that although the actions of "the County in making the assessment may have been erroneous, . . . its action was not illegal," so the district court did not have jurisdiction under K.S.A. 60-907(a) to hear the appeal before the taxpayer exhausted its administrative remedies with BOTA. 253 Kan. at 560-61. Similarly, Curtis Machine was required to exhaust its remedies with BOTA before it could raise the valuation issue with the district court.

Ford County relies on *In re Tax Protest of Liston Foundation*, 13 Kan. App. 2d 353, 771 P.2d 77 (1989), where the district court in a foreclosure action determined the taxpayer owed tax and interest. The taxpayer did not appeal that judgment, but sought a refund from BOTA. This court concluded that because the foreclosure court had determined *the amount of interest due*, the taxpayer was precluded from raising the issue with BOTA. We said the foreclosure court was specifically directed by K.S.A. 79-2803 to determine the amount of interest owing so the taxpayer could

have contested the amount of interest in the foreclosure suit. *Liston*, 13 Kan. App. 2d at 355-56.

Here, Curtis Machine could not have raised the valuation issue with the district court in the foreclosure action. Further, the foreclosure court did not consider such an issue and is not charged with considering the correctness of the tax assessment. The duty of a foreclosure court is to "investigate and to decide what taxes, charges, interest, and penalty thereon, to the date of the filing of the petition, shall have been legally assessed and charged on such tract, lot, or piece of real estate, and to render judgment therefor, together with the interest, charges and penalty thereon, as provided by law . . . ." K.S.A. 79-2803. Importantly, the foreclosure court's order did not determine that the valuation was correct.

Ford County finally argues the rights of the parties have been fixed through the foreclosure action and allowing BOTA to exercise jurisdiction would undermine the effect of the foreclosure court's order. Ford County, however, entered into an agreement with Curtis Machine to delay the tax sale, during which time Curtis Machine redeemed the property by paying the past due taxes, albeit under protest. See K.S.A. 79-2803. Once redeemed, all further proceedings for the collection of the lien were stayed. See K.S.A. 79-2803. The foreclosure action has run its course and is now moot. Any action by BOTA would *not* infringe upon that decision.

A foreclosure court does not have jurisdiction to hear a valuation issue. See *Schmidt*, 12 Kan. App. 2d at 812-13. Because Curtis Machine could not have raised the issue with the foreclosure court, res judicata does not operate to prevent Curtis Machine from raising the issue with BOTA. The district court erred in finding BOTA did not have jurisdiction to hear Curtis Machine's valuation appeal.

Two statutory means exist for a taxpayer to protest the valuation of his or her property. K.S.A. 79-1448 provides that "[a]ny taxpayer may complain or appeal to the county appraiser from the classification or appraisal of the taxpayer's property by giving notice to the county appraiser within 30 days subsequent to the date of mailing of the valuation notice . . . for real property, and on or before May 15 for personal property." Curtis Machine did not utilize this

method. Alternatively, a taxpayer may protest the payment of his or her taxes. K.S.A. 79-2005(a) provides:

"Any taxpayer, before protesting the payment of such taxpayer's taxes, shall be required, either at the time of paying such taxes, or, if the whole or part of the taxes are paid prior to December 20, no later than December 20, . . . to file a written statement with the county treasurer, on forms approved by the state board of tax appeals and provided by the county treasurer, clearly stating the grounds on which the whole or any part of such taxes are protested and citing any law, statute or facts on which such taxpayer relies in protesting the whole or any part of such taxes."

Curtis Machine filed forms at the time of payment protesting the payment of those taxes.

K.S.A. 79-2005(a) does not contain a time limitation for when a taxpayer must protest taxes, only that such protest must be asserted when taxes are paid. "Delinquent taxes may be protested pursuant to K.S.A. 79-2005." *In re Tax Protest of Rice*, 228 Kan. 600, Syl., 620 P.2d 312 (1980); see *Schmidt*, 12 Kan. App. 2d at 814. Curtis Machine followed the statutory procedure for protesting its tax valuation, so BOTA had jurisdiction to hear the appeal.

## VALUATION OF PERSONAL PROPERTY

Ford County asserts Curtis Machine abandoned its appeal as to the valuation of its personal property. Ford County claims Curtis Machine uses the term "foreclosure" throughout its brief, which only applies to proceedings against real estate for past due taxes. Curtis Machine's brief discusses the personal property taxes that it paid under protest; these were part of BOTA's order finding it had jurisdiction. The district court's order dismissed Curtis Machine's valuation appeals as to both its real property and personal property. Curtis Machine's appeal centers on whether the district court erred in finding BOTA did not have jurisdiction to hear its tax protest appeals, which included the personal property tax appeals. Curtis Machine has not abandoned the valuation issue as to its personal property.

Reversed and remanded for further proceedings consistent with this opinion.