**BACARDI, U.S.A., INC., Plaintiff,**

v.

**PREMIER BEVERAGE, INC., d/b/a Glazers of Kansas, Defendant.**

No. 04–1276–WEB.

United States District Court, D. Kansas.

Jan. 20, 2005.

Bill J. Hays, Shook, Hardy & Bacon L.L.P., Overland Park, KS, Michael S. Cargnel, William R. Sampson, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Plaintiffs.

Coy M. Martin, Moore Martin, LC, Roger M. Theis, Hinkle Elkouri Law Firm, L.L.C., Wichita, KS, for Defendant.

### *Memorandum and Order*

WESLEY E. BROWN, Senior District Judge.

The following motions are before the court: defendant Premier Beverage's Motion to Dismiss or for Summary Judgment (Doc. 3) and Motion to Dismiss or to Stay (Doc. 6); and plaintiff Bacardi's Motion for Leave to File a Surreply (Doc. 11) and Motion to Strike (Doc. 14).

### I. *Background.*

Bacardi, U.S.A., Inc. ("Bacardi") filed this action seeking a declaratory judgment that Premier Beverage, Inc. ("Premier") no longer has a right to distribute Grey Goose brand vodka in Kansas. According to the complaint, Premier had such a right prior to August 5, 2004, under an agreement with importer Sidney Frank Importing Co., Inc. On August 5, 2004, however, plaintiff Bacardi purchased Sidney Frank's Grey Goose vodka business and shortly

thereafter informed Premier that its franchise distribution agreement was terminated and that Bacardi had decided to appoint another company to distribute the product in Kansas. Premier responded by asserting that it still had the right to distribute the product under the franchise agreement and pursuant to Kansas law.

According to the complaint, the Division of Alcohol Beverage Control ("ABC") of the Kansas Department of Revenue has refused Bacardi's application for a new Brand Registration License on the ground that the products in question are franchised with Premier and the board cannot issue a new license without a letter from Premier relinquishing its franchise agreement. Bacardi asserts that jurisdiction to determine whether the franchise agreement still exists or has been terminated resides exclusively in the courts, and that the ABC is without jurisdiction to resolve the dispute. *Citing House of Schwan, Inc. v. Norwood,* 25 Kan.App.2d 539, 966 P.2d 89 (1998) (K.S.A. § 41–410 provides for district court action rather than an administrative action to determine if franchise agreement is terminated). Bacardi asks this Court "to exercise its broad discretion to quickly resolve the present dispute between Premier and Bacardi, and to clarify the meaning and applicability, if any, of K.S.A. § [41–410]." Doc. 1 at 4.

Section 41–410 of the Kansas Liquor Control Act provides for the regulation of exclusive territorial liquor franchises in the State of Kansas. It requires a distributor of liquor to file notice with the ABC of any territorial agreement it has with a supplier to distribute one or more of the supplier's brands in the State. No importer or supplier may grant a franchise for distribution of a brand to more than one distributor for a designated territory.

§ 41–410(a). Suppliers must also file notice of their agreements with distributors. § 41–410(b). No supplier or distributor shall terminate a franchise for distribution without providing at least 30 days' notice to the ABC. § 41–410(c). Any supplier or distributor aggrieved by a termination may file an action, in a district court of the state, alleging that the termination violates the franchise agreement between the supplier and distributor. § 41–410(e). A franchise agreement may not be terminated except for reasonable cause. § 41–410(f).

The complaint states that this action is one for declaratory judgment under 28 U.S.C. § 2201. Bacardi seeks an order declaring that Premier's right to distribute the Grey Goose products in Kansas no longer exists or has been terminated and that Bacardi has the right to appoint a distributor of its choosing. Doc. 1 at 5. Subject matter jurisdiction is alleged under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## II. *Premier's Motions to Dismiss.*

In its first motion to dismiss, Premier argues that Bacardi lacks the legal capacity to sue in Kansas.[1] Premier argues that Bacardi does business within the state but has failed to register and obtain approval for doing so as required by the Kansas Corporation Code, K.S.A. § 17–7301. It thus contends Bacardi is prohibited from bringing this action by Kansas' "closed-door" statute. *See* K.S.A. § 17–7307 (a foreign corporation which has done business in the state but which has failed to obtain authorization shall not maintain any action in the State unless and until it obtains authorization). In response, Bacardi maintains that its activities are confined to

---

1. This motion was asserted under Fed. R.Civ.P. 12(b)(6), but was entitled "Motion to Dismiss or For Summary Judgment." Doc.

3. Both sides presented matters outside of the pleadings in connection with the motion.

interstate commerce and that it does not do business within the state within the meaning of K.S.A. § 17–7303.

Premier has also filed a second motion to dismiss, in which it argues the action should be dismissed or stayed because of a parallel state proceeding. Bacardi filed the instant federal action on August 23, 2004. One week later, on August 30, 2004, Premier filed a state action in the Tenth Judicial District Court, Johnson County, Kansas (*Premier Beverage, Inc., d/b/a Glazer's of Kansas v. Bacardi U.S.A. and the Kansas Department of Revenue, Division of Alcoholic Beverage Control,* Case No. 04 CV 0665). On August 31, 2004, the state court granted a temporary restraining order preventing Bacardi from terminating Premier's franchise agreement. On September 29, 2004, Hon. Janice D. Russell of the Johnson County District Court heard arguments on Bacardi's motion to stay the state proceeding pending a decision by this court on Premier's motion to dismiss. Judge Russell granted the motion, finding that the factors in *Henry v. Stewart*[2] weighed in favor of a stay. Among other things, Judge Russell found she should defer to this court as a matter of comity and that Bacardi's choice of forum should prevail because Bacardi was the first to file. She found that the issues in both proceedings were identical and that the federal court (as well as the state court) was capable of resolving all issues and granting full relief to the prevailing party. She opined that the presence of the ABC was "largely superfluous" because ABC would follow the ruling of the court regarding whether Premier's franchise agreement had been or could be lawfully terminated. Judge Russell noted Premier's argument that Bacardi's federal filing had been a "pre-emptive strike," but found this an unpersuasive reason for disregarding the "first-to-file" rule because

she believed both actions were essentially pre-emptive, with the parties seeking a clarification of their rights before the status quo was altered. Judge Russell found it appropriate to leave her preliminary injunction in effect "until I get notified from the federal court either that the case is dismissed and I should proceed, or that I need to set aside the temporary injunction."

Premier argues that the state court is the more appropriate forum to handle this litigation. It argues that only the state court can provide complete relief pertaining to all of the claims of the necessary parties. It contends that the ABC, which is a party to the state case only, is an important and necessary party. It further argues that Bacardi prematurely filed the federal declaratory action to deprive Premier of its right to choose the forum. Premier argues that federal courts have consistently declined to proceed in such circumstances. Premier further argues that the state court is a more appropriate forum because the case involves unsettled questions of state law on matters exclusively within state control—i.e., the regulation of alcoholic beverages.

In response to these arguments, Bacardi first contends that Premier is barred by Fed.R.Civ.P. 12(g) from asserting a second motion to dismiss. Next, it argues that the state court's denial of a stay rejected the same arguments now asserted by Premier, including its allegation that the federal filing was a "pre-emptive strike" and that the ABC is a necessary party. In fact, Bacardi claims Premier is now barred by collateral estoppel from re-litigating these issues. Bacardi further argues that because the state proceeding has been stayed, there is no active state action to which this court owes deference.

---

**2.** 203 Kan. 289, 454 P.2d 7 (1969).

III. *Discussion.*

Having reviewed the briefs and the materials submitted, the court concludes that this action should be stayed to permit the state proceeding to go forward. In view of this conclusion, the court need not address Premier's contention that Bacardi lacks the capacity to bring the action by virtue of K.S.A. § 17–7307.

■ "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). As the Supreme Court explained in *Wilton:*

> Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of *Colorado River* and *Moses H. Cone.* [cases dealing with abstention in other contexts]. * * *
>
> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court *"may* declare the rights and other legal relations of any interested parties seeking such declaration." 28 U.S.C. § 2201(a). * * * The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of law in which concepts of discretion surface. * * * We have repeatedly characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion upon the courts rather than an absolute right

upon the litigant." * * * When all is said and done, ... "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power."

*Wilton,* 515 U.S. at 286–87, 115 S.Ct. 2137 (citations omitted). In so finding the Court reaffirmed a determination made over fifty years earlier in *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), that when a federal court is faced with a declaratory judgment action while a state court action involving the same issues is pending, the federal court should determine "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceedings pending in state court." *Wilton,* 515 U.S. at 282, 115 S.Ct. 2137 (*citing Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173). "This may entail inquiry into the scope of the pending state proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of the parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173. These factors and others mean that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* For a federal court to proceed in such circumstances could constitute "gratuitous interference with the orderly and comprehensive disposition of a state court litigation...." *Id.*

■ The court concludes that the balance of factors weighs in favor of staying the federal action. As an initial matter, the state proceeding encompasses at least all of the legal issues presented in this federal action, if not more. The state action also has the ABC joined as a party, which could be important to resolution of certain issues, such as whether the notice of termination provided to the ABC by Bacardi met the requirements of K.S.A. § 41–410(c) and 41–410(d). *See* Doc. 7, Exh. 1A at ¶ 22 (alleging that the attempted termination failed to comply with procedural requirements of K.S.A. § 41–410) and *id.* at ¶ 34–35 (seeking injunction preventing the ABC from approving the termination because of the alleged procedural failure). The state court indicated that ABC's joinder was largely superfluous because the agency would simply adopt the court's determination of whether there was reasonable cause to terminate the franchise agreement. While it is true that the main issue appears to be whether there was reasonable cause for a termination of the franchise—and that ABC will simply follow a court's determination of that issue—the pleadings also indicate a dispute over whether the procedural requirements for a termination have been met. As the agency responsible for administering the Kansas Liquor Control Act, the ABC has a significant interest in a determination of whether its application of the law in this respect complies with the Act. The ABC could be a necessary party insofar as declaratory or injunctive relief is sought relating to the procedural prerequisites for termination in K.S.A. § 41–410 subsections (c) and (d). *See id. Cf.* Doc. 1 at ¶ 24 (seeking an order declaring that Premier's rights have been terminated and allowing Bacardi to appoint a distributor of its choosing).

Considerations of federal-state comity also weigh strongly in favor of having the state court decide the case. This litigation involves no questions of federal law. It presents only state law questions on a subject expressly reserved to the control of the states under the Twenty-first Amendment to the U.S. Constitution. Given the availability of the state forum, it would be "gratuitous interference" in a state proceeding for this court to proceed. *Cf. Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 671–72 (9th Cir.2004) (federal court should avoid needless determination of state law issues). *See also Bridgeport Machines, Inc. v. Alamo Iron Works, Inc.,* 76 F.Supp.2d 205, 208–09 (D.Conn. 1999) (declaratory judgment action over exclusivity of distributorship agreement better settled in state court); *Haagen–Dazs Shoppe Co., Inc. v. Born,* 897 F.Supp. 122, 127 (S.D.N.Y.1995) (action over alleged breach of franchise agreement better suited to state court). *Cf. Kendall–Jackson Winery, Ltd. v. Branson,* 2001 WL 1098052 (N.D.Ill., Sept. 17, 2001) (stay denied where state law issues were intertwined with federal constitutional issues). This is particularly true where, as here, the applicable state law is unsettled on the primary issue to be decided. *See State Auto Ins. Companies v. Summy,* 234 F.3d 131, 135 (3rd Cir.2000) ("[W]here the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions."). The Kansas courts have apparently not yet determined what constitutes "reasonable cause" for termination, although the Kansas Attorney General has issued an advisory opinion to ABC that a mere change in ownership of a supplier is not sufficient. Given the absence of controlling authority, the issue is one more appropriately addressed in the first instance by the state court. *See Capitol Indem. Corp. v. Haverfield,* 218 F.3d 872, 875 (8th Cir.2000) (district court abused its discretion by entertaining declaratory judgment action where Missouri

law was unsettled; resolution of action was better suited to state court). The court agrees with Premier's argument that considerations of federalism weigh in favor of allowing the state to develop and administer its own law.

■ The court notes that Bacardi does not address in detail the question of exercising jurisdiction under *Brillhart* and *Wilton*. Rather, it argues Premier's motion is barred by Rule 12(g) because Premier asserted a prior motion to dismiss, or that collateral estoppel precludes Premier from making its arguments. These arguments are unpersuasive. Given the scope of the court's authority to independently address questions affecting its jurisdiction, as well as the absence of any evidence of bad faith or dilatory purpose on Premier's part in asserting the motion, the court concludes that the motion to stay is not prohibited by Rule 12(g). *Cf. Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1475 (9th Cir.1988) (motion to dismiss or stay based on parallel state proceeding was not a Rule 12(b) motion and was not precluded by Rule 12(g)). Bacardi's collateral estoppel argument likewise fails because there is no final judgment that could preclude litigation of the facts; nor have the merits of any factual disputes actually been determined at this point. *See e.g., Bud Jennings Carpets & Draperies, Inc. v. Greenhouse*, 210 Kan. 92, 96, 499 P.2d 1096 (1972) (first requirement for collateral estoppel is a prior judgment on the merits). Bacardi also argues that the *Brillhart* analysis does not apply because there really is no ongoing state proceeding, with the state court having issued a stay. The record clearly shows, however, that the state court only stayed its proceeding pending a ruling by this court on the motion to dismiss, and that the state court would proceed were this court to stay the federal case. The record also shows that the state court has already granted injunctive relief(albeit preliminarily) based in

part on a preliminary finding that Premier has shown a likelihood of prevailing on the merits.

It is true that the "first to file" rule ordinarily carries significant weight in determining which action goes forward. That rule is not inflexible, however, and is not a determinative factor under the facts of this case. Bacardi was clearly aware of the likelihood of a coercive suit by Premier when it filed the federal action, and the court notes that the suit was apparently filed prior to expiration of the 30–day notice requirement in K.S.A. § 41–410(c). Although such a prompt filing was by no means improper, the fact that Bacardi filed its suit one week before Premier filed the state action is not material given the other factors involved. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir.2002) (the fact that the federal plaintiff was the first to the courthouse by several days does not place it in a preferred position under the *Wilton* analysis). In sum, the court concludes under *Wilton* that the state court is the more appropriate forum for this litigation. Accordingly, the court grants Premier's motion insofar as it seeks a stay of the federal action. The court will deny the motion insofar as it seeks dismissal of the action. *See Wilton*, 515 U.S. at 288 n. 2, 115 S.Ct. 2137 (noting that a stay is preferable to dismissal in these circumstances, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the controversy).

## IV. *Conclusion.*

Defendant Premier's Motion to Dismiss or to Stay (Doc. 6) is GRANTED insofar as it requests a stay of this proceeding. The court orders that this action is hereby STAYED pending resolution of the related state action in Johnson County District Court (*Premier Beverage, Inc., d/b/a Glaz-*

er's of *Kansas v. Bacardi U.S.A.* and the *Kansas Department of Revenue, Division of Alcoholic Beverage Control,* Case No. 04 CV 0665).

Defendant's Motion to Dismiss or for Summary Judgment (Doc. 3) is DENIED at this time as moot. Plaintiff Bacardi's Motion for Leave to File Surreply (Doc. 11) is GRANTED; the copy of the surreply attached to plaintiff's motion shall suffice as the filing of the surreply. Bacardi's Motion to Correct Record and to Strike (Doc. 14) is DENIED.