NOT DESIGNATED FOR PUBLICATION

No. 114,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JP MORGAN CHASE BANK, N.A.,
Successor by Merger to
Chase Home Finance, LLC,
*Appellee,*

v.

DAVID HELMSTETTER and
JACQUELINE HELMSTETTER,
*Appellants*.

MEMORANDUM OPINION

Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed August 12, 2016. Reversed and remanded.

*Donna L. Huffman*, of The Law Office of Donna L. Huffman, of Oskaloosa, for appellants.

*Thomas E. Nanney*, of Bryan Cave LLP, of Kansas City, Missouri, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*: David and Jacqueline Helmstetter (the Helmstetters) appeal from the district court's dismissal of the counterclaims they filed in response to a petition for foreclosure on their home. For the reasons stated below, we reverse and remand to the district court for further proceedings.

1

FACTS AND PROCEDURAL BACKGROUND

In 2006, David Helmstetter executed a note to SunTrust Mortgage, Inc., and, with Jacqueline Helmstetter, concurrently granted to SunTrust a mortgage interest in real estate in Brown County, Kansas, to secure the loan. For the purpose of this appeal it is not necessary to trace the subsequent trail of ownership of the loan and security. In December 2009, Chase Home Finance, LLC, predecessor-in-interest to appellee JP Morgan Chase Bank, N.A. (Chase), sued for judgment on the note and foreclosure of the mortgage. The district court granted judgment by default in March 2010, and in September of that year Chase purchased the property at a sheriff's sale and the court confirmed the sale.

About a month later, the Helmstetters, who maintain they had relied on representations that the property would not be sold because of ongoing discussions about loan modification, engaged counsel who filed a motion to set aside the default judgment and objected to the confirmation of the sale. On January 24, 2013, the district court entered an order setting aside the default judgment, sale, and confirmation.

In October 2014, Chase and David Helmstetter signed a Loan Modification Agreement, which was followed on February 2, 2015, by an order dismissing the foreclosure action against the Helmstetters. The Helmstetters' counterclaims remained unresolved. A month later, Chase filed a motion to dismiss the counterclaims for failure to state a claim upon which relief could be granted, and the Helmstetters later filed their objections to dismissal. By its order filed on May 26, 2015, the district court dismissed all counterclaims "for reasons announced on the record" in a court-initiated telephone conference call with counsel earlier that day. The Helmstetters timely appealed the district court's judgment.

2

Our review of the district court's dismissal of the counterclaims for failure to state a claim upon which relief can be granted is unlimited. *Campbell v. Husky Hogs*, 292 Kan. 225, 227, 255 P.3d 1 (2011). We must accept the facts alleged in the counterclaims to be true, with all reasonable inferences that may be drawn from those facts. 292 Kan. at 227. A trial court's dismissal for failure to state a claim upon which relief can be granted is a judgment on the merits. *Wirt v. Esrey*, 233 Kan. 300, 309-10, 662 P.2d 1238 (1983).

ANALYSIS

The Helmstetters' counterclaims alleged: (1) breach of contract and breach of good faith and fair dealing; (2) statutory disclosure violations under the federal Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et seq.* (2012), and the Truth in Lending Act, 15 U.S.C. 1601 *et seq.* (2012); (3) tortious interference with contract, negligence, conversion, and outrage; (4) fraud; and (5) violations of the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq*. The district court's order of dismissal incorporated "reasons announced on the record May 26, 2015." That conference call on May 26, 2015, was brief.

Without specific reference to K.S.A. 2015 Supp. 60-212(b)(6), the court stated the basis for Chase's motion to dismiss the counterclaims was for failure to state a claim upon which relief can be granted. The court then noted Chase's argument "that defendants' claims are moot because the previously filed foreclosure . . . claim has been dismissed . . . as a result of a loan modification agreement between the parties." The district judge then stated his agreement that the defendants' "counterclaim" should be dismissed because "defendants cannot continue to press claims for breach of the original loan agreement or breach of plaintiff's duty of good faith and fair dealing with respect to a contract that they have agreed to reinstate under terms they consented to and for which they received a

benefit." The court then stated its finding that "defendants' action should be dismissed because they failed to state a claim upon which relief will be granted" and told counsel that the order would be memorialized in a brief journal entry to be filed that day. Counsel for the Helmstetters asked the court "for findings of fact on the other causes of action other than contract." The court responded that "[t]he entire counterclaim is dismissed." The conference call then concluded.

The district court specifically addressed only count one of the Helmstetters' counterclaim, alleging breach of contract and breach of good faith and fair dealing. The court's stated reason for granting Chase's motion to dismiss was that acceptance of the loan modification precluded the Helmstetters from pursuing the claims made in that first count of their counterclaim. Among the various claims made in count one of the counterclaim, the Helmstetters alleged misrepresentations and breaches of contract terms by Chase in the period that preceded their entry into the foreclosure case with counsel. They alleged that Chase represented their property would not be sold while they were trying to negotiate a modification and, as a result, the ultimate level of debt they felt they had no choice but to accept in the modification was increased. They also alleged Chase failed to properly credit their account, resulting in claims for an increased balance owed. The district court did not state a reason why the fact of entering into the loan modification acted to eliminate those claims.

The intent and effect of the loan modification agreement, a contract between Chase and the Helmstetters, should be determined in the first instance by the terms of that contract. See *Waste Connections of Kansas*, *Inc*. *v*. *Ritchie Corp*., 296 Kan. 943, 963, 298 P.3d 250 (2013) ("The primary rule for interpreting written contracts is to ascertain the parties' intent."). Neither in its brief, nor at argument, has Chase pointed to any provision of the modification agreement, apparently prepared by Chase, that purported to release the counterclaims. Notably, the February 2, 2015, journal entry that dismissed Chase's foreclosure petition specifically provided that "[p]ursuant to

4

K.S.A. 60-241(B)(2) [*sic*], the counterclaims asserted by the Helmstetters remain pending for independent adjudication." The later adjudication referenced in that journal entry was a finding that each of those claims—specifically preserved in Chase's dismissal of its foreclosure—had been rendered insufficient as a matter of law upon the execution of the loan modification.

The district court summarized its basis for dismissal by stating, "Defendants cannot claim the benefits of loan modification agreement without being estopped from pursuing their counterclaim." No further finding or explanation was provided to give this court a basis to assess whether the dismissal was made with the required deference to the alleged facts that is required in ruling on a motion made under K.S.A. 2015 Supp. 60-212(b)(6). In addition, no reasoning at all was stated to support the dismissal of counts two through five of the counterclaim. As a result, the record lacks the necessary information upon which to assess the rationale for those dismissals.

Chase argues on appeal that the district court was not required to make any findings of fact or conclusions of law because this was a motion to dismiss. Although Chase asserted that the 2010 legislature specifically recast K.S.A. 60-252 to relieve the trial courts from stating findings and conclusions on motions to dismiss, it failed to provide any authoritative support for that proposition. K.S.A. 2015 Supp. 0060-252(a) is not the only requirement for a trial judge hearing a case without a jury to state the reasons for the judge's decision. See Supreme Court Rule 165(a) (2015 Kan. Ct. R. Annot. 257) ("In a contested matter submitted to the court without a jury—and when the court grants a motion for summary judgment—the court must state its findings of fact and conclusions of law in compliance with K.S.A. 60-252.").

The trial court's ruling on the motion to dismiss was an adjudication on the merits, as is an order granting summary judgment. Although there are no contested

5

facts on the motion, the court must present the reasoning leading to its conclusion that, even assuming the facts to be true, they would not support any of the relief sought. The failure to comply with K.S.A. 2015 Supp. 60-252 and Supreme Court Rule 165(a) deprived this court of the benefit of the basis for the trial court's decision, and we cannot assess whether the counterclaims were correctly dismissed as a matter of law or whether consideration on the merits was required.

Although the parties' arguments touched on the merits of the counterclaims, we do not reach those questions. The district court first must apply the proper standard to consideration of Chase's motion, deciding whether the alleged facts, if ultimately proven by the Helmstetters, could support some or all of the relief requested. If counterclaims then survive, they must be adjudicated on their merits.

Reversed and remanded.